IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-33450 |
| | § | |
| LAND & SEAN INDUSTRIES, LLC | § | Chapter 11 |
| | § | |
| *Debtor.* | § | |

**SECURED CREDITOR NFUSION CAPITAL FINANCE, LLC'S
MOTION FOR RELEASE OF SALES PROCEEDS FROM REGISTRY OF THE COURT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THERE WILL BE A HEARING ON THIS MOTION ON DECEMBER 18, 2024 AT 11:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 403, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HON. JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COMES NOW nFusion Capital Finace, LLC ("nFusion"), secured creditor herein, to file this motion for release of proceeds from the registry of this Court. nFusion would respectfully show the Court as follows:

A. **Procedural Background**

1. On July 30, 2024 (the "Petition Date"), debtor Land & Sea Industries, LLC (the "Debtor") filed a voluntary petition under chapter 11.

2. On August 13, 2024, the Court entered its *Order Granting Debtor's Expedited Motion to Sell Personal Property at Auction Free and Clear Of All Liens, Claims and Encumbrances* [ECF No. 46] (the "Sale Order"), authorizing the Debtor to sell substantially all of its equipment at auction. Among other things, the Sale Order provides (a) that the proceeds of the auction shall be held in the Court's registry pending the further order of the Court; (b) that the proceeds are subject to certain "future carve outs"; and (c) that any liens on the property shall attach to the proceeds of the sale "less allowed future carve outs." Sale Order ¶¶ 6, 8.

3. The auction was conducted on August 14 and 15, 2024; all of the equipment subject to the Sale Order was sold, and the results of the sale are set forth in the Debtor's *Amended Report of Sale* [ECF No. 82] (the "Amended Sale Report").

4. On September 18, 2024, the net sale proceeds of $1,707,290.00 were deposited into the registry of the Court. Amended Sale Report ¶ 12.

5. On October 30, 2024, the Court authorized the release of $125,881.47 to Stellar Bank, which represents its allocated share of the auction proceeds ($141,350.00), minus its *pro rata* share of auction expenses ($6,987.53), minus an additional holdback for future carve as may be approved by further order of the Court ($8,481.00). *See* ECF No. 90 (the "Stellar Bank Approval Order"). On information and belief, the disbursement to Stellar Bank has since been made.

6. On November 6, 2024, the Official Committee of Unsecured Creditors (the "Committee") filed its *Motion For Entry Of An Order (I) Establishing Chapter 11 Carve Out Amount; and (II) Granting Related Relief* [ECF No. 93] (the "Carve Out Motion"). Among other things, the Carve-Out Motion seeks to impose a so-called "carve out"[1] of six percent (6%) on the sale proceeds to cover professional fees and other administrative expenses, including an estimated $35,000 for a future chapter 7 trustee. Carve Out Motion ¶¶ 16-19.

7. On November 14, 2024, the Debtor filed its *Motion to Convert Case Pursuant to 11 U.S.C. § 1112(a)* [ECF No. 95] (the "Motion to Convert").

8. Both the Carve Out Motion and the Motion to Convert are set for hearing on December 18, 2024 at 11:00 a.m., the same date and time as the hearing on the instant Motion.

**B.     nFusion's Secured Claim**

9. nFusion is a secured creditor with a claim in excess of $2.4 million secured by a blanket lien on all of the Debtor's personal property. A true and correct copy of nFusion's proof of claim, with all supporting documents, is attached as Exhibit A.

10. Of the funds on hand in the Court's registry, the amount of $1,493,288.70 is subject to nFusion's perfected blanket lien. Amended Sale Report ¶ 12. nFusion's lien is junior in priority to that of the U.S. Small Business Administration (the "**SBA**"), which has a claim in the amount of $147,368.11 as of the Petition Date. A true and correct copy of the SBA's proof of

---

[1] The term "carve-out" is a misnomer, given that the Committee is seeking the relief on a non-consensual basis. *See In re White Glove*, 1998 Bankr. LEXIS 1303 at *23 (Bankr. E.D. Pa. October 14, 1998) ("The term 'carve out' is one of those uniquely bankruptcy phrases, much like "cram down," that appears nowhere in the bankruptcy statute but connotes definite meaning to parties. It is an *agreement by a party secured by all or some of the assets of the estate* to allow some portion of its lien proceeds to be paid to others, *i.e.,* to carve out of its lien position." (emphasis added)); *In re US Flow Corp.*, 332 B.R. 792, 795-96 (Bankr. W.D. Mich. 2005) ("A true 'carve out' requires the consent of the secured creditor" (quoting *In re Fortier*, 299 B.R. 183, 191 n. 14 (Bankr. W.D. Mich. 2003) (rev'd on other grounds 315 B.R. 829 (W.D. Mich. 2004)))). nFusion intends to file a limited objection to the Carve-Out Motion.

claim, with all supporting documents, is attached as Exhibit B.[2]

### C. Relief Requested

11. By this Motion, nFusion seeks disbursement of the net sale proceeds subject to its perfected blanket lien, less the following the amounts: (a) the full amount of the SBA's secured claim, including post-petition interest through the date of the hearing; (b) nFusion's *pro rata* share of auction expenses; and (c) nFusion's *pro rata* share of any surcharge or carveout as determined by the Court in connection with the Carve Out Motion. nFusion calculates these amounts as follows:

| | |
|---|---|
| Total sale proceeds subject to nFusion's lien[3] | **$1,493,288.70** |
| *minus* senior secured claim of SBA[4] | **($149,484.52)** |
| Subtotal | **$1,343,804.18** |
| *minus* allocated share of auction expenses[5] | **($66,429.95)** |
| *minus* allocated share of carveout or surcharge as determined by Court in connection with the Carve Out Motion | **[($TBD)]** |
| **Net Proceeds to nFusion** | **[$TBD]** |

---

[2] The SBA's proof of claim is accepted by nFusion solely for purposes of the instant Motion; nFusion reserves all other rights, including the right to seek a second distribution from the auction proceeds if the SBA's liens are invalidated for any reason.

[3] Amended Sale Report [ECF No. 82] ¶ 12.

[4] Amount calculated as follows, based on the SBA's proof of claim: (a) $146,092.30 in principal, plus (b) $1,275.81 in accrued interest as of the Petition Date; plus (c) $2,116.41 in post-petition interest (141 days at $15.01 *per diem*). *See* Proof of Claim 30-1, page 6 of 11.

[5] Amount shown is the subtotal of $1,343,804.18 multiplied by 4.943%, which is the percentage used to allocate auction expenses in both the Amended Sale Report and the Stellar Bank Approval Order.

WHEREFORE, nFusion respectfully requests that the Court enter an order authorizing and directing the Clerk to release funds from the Court's registry in the amount set forth in the table above. Should the Court for any reason be unable to rule on the Carve Out Motion at or before the time it rules on the instant Motion, nFusion respectfully prays for relief similar to that afforded to Stellar Bank in the Stellar Bank Approval Order. In that event, the amount to be released to nFusion is **$1,196,745.98**, calculated as follows: subtotal of $1,343,804.18; <u>minus</u> $66,429.95 in allocated auction expenses, <u>minus</u> a 6% holdback in the amount of $80,628.25.

Respectfully submitted,

*/s/ James Matthew Schober*
James Matthew Schober
State Bar No. 24004907
jim@schoberlegal.com
Teresa Ruiz Schober
State Bar No. 24005353
teresa@schoberlegal.com
SCHOBER & SCHOBER, P.C.
1611 Nueces Street
Austin, Texas 78701
512.474.7678
512.498.1333 (fax)

*Counsel to nFusion Capital Finance, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 22, 2024, a true and correct copy of the preceding was served (a) via CM/ECF on all persons consenting to such service, and (b) to the persons and addresses listed below, in the manner indicated.

/s/ *James Matthew Schober*
James Matthew Schober

| *Via regular U.S. mail*<br>U.S. Small Business Administration<br>10737 Gateway West #300<br>El Paso, Texas 79935 | *Via e-mail and regular U.S. mail*<br>US Small Business Administration<br>8701 Gessner Rd. #1200<br>Houston, TX 77074<br>e-mail: Jeffrey.hsu@sba.gov |
|---|---|