United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33450 |
| **LAND & SEA INDUSTRIES, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 7 |

## ORDER

Before the Court is the Motion for Entry of an Order (I) Establishing Chapter 11 Carve Out Amount; and (II) Granting of Related Relief (ECF No. 93) (the "Motion") filed by the Official Committee of Unsecured Creditors (the "Committee"). A response was filed by nFusion Capital Finance, LLC (ECF No. 101) and by Stellar Bank (ECF No. 102).

The Motion is a request by the Committee for a carve out of 6% of the sales proceeds of $1,707,290.00 equaling $102,437.40.[1] The Committee also requested that the Court establish a waterfall for the payment of the Chapter 11 claims included in the carve out. The Committee asserts that all liens on sales proceeds held by debtor's secured creditors continue to attach to the sales proceeds subject to (1) U.S. Trustee's quarterly fees, and (2) allowed professional fees and reimbursable expenses of the Committee. After those payments have been made in full, then any remaining amounts from the maximum available carve out of $102,437.40 should then be available for the payment of the Chapter 7 trustee's expenses.

The responses in opposition questions whether the Committee is entitled to a true carve out, as it requires the consent of the secured creditors.[2] In that case there was a negotiated carve out, so it is not applicable to this case. In general, it is an agreement by a party secured by all or some of the assets of the estate to allow some portion of its lien proceeds to be paid to others.[3] No such carve out agreement exists in this case. However, the Court can authorize such use under 11 U.S.C. § 363(c)(2)(B) absent an agreement.

An Agreed Order was entered on December 23, 2024,[4] in which the debtor was to reserve the proposed amount of $102,437.40 pending further order of the Court.

After consideration of the Motion and arguments of counsel at a hearing held on February 11, 2025, the Court overrules the objections of nFusion Capital Finance, LLC and Stellar Bank to the carve outs and grants the Motion as follows.

---

[1] ECF No. 93.
[2] *In re U.S. Glow Corp*., 332 B.R. 792 (Bankr. W.D. Mich 2005).
[3] *In re Las Torres Developments, L.L.C*., 413 B.R. 687 (Bankr. S.D. Tex. 2009).
[4] ECF No. 130.

  **IT IS THEREFORE ORDERED** that a maximum carve out of 6% or $102,437.40 of the total sales proceeds is established as the carve out provided in the Sale Order, subject to other orders of this Court regarding the disbursements of sales proceeds.

  **IT IS FURTHER ORDERED** that All liens on the sale proceeds held by secured creditors of the Debtor shall continue to attach to such sale proceeds in accordance with the Sale Order subject to the allowed carve out amount of six percent (6%) of the total sale proceeds for the payment of (i) U.S. Trustee quarterly fees, and (ii) allowed professional fees and reimbursable expenses of the Committee. After payment in full of the Chapter 11 administrative claim amounts set forth in clauses (i) and (ii) above, any remaining funds from the maximum available carve out amount of $102,437.40 shall then be available for the payment of the Chapter 7 Trustee's expenses free and clear of liens, claims or other encumbrances.

  **IT IS FURTHER ORDERED** that any distribution of sale proceeds to secured creditors shall be subject to the six percent (6%) carve out which shall be retained by the estate and used solely for the payment of the allowed carve out fees and expenses in accordance with the priorities and provisions of this Order, and as allowed by the Court.

  **IT IS FURTHER ORDERED** that for the avoidance of doubt, and except as expressly modified by this Order, the terms and conditions of the Sale Order remain in full force and effect and unmodified.

  SIGNED 02/13/2025

_____
Jeffrey Norman
United States Bankruptcy Judge